## Agnes M. Rosseu, Appellee, v. Arthur G. Goodridge, Appellant.

### Gen. No. 18,750.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLAR-
ENCE N. GOODWIN, Judge, presiding.   Heard in the Branch Appel-
late Court at the October term, 1912.   Affirmed.   Opinion filed
February 5, 1914.   Rehearing denied February 16, 1914.

### Statement of the Case.

Action by Agnes Rosseu against Arthur G. Good-
ridge to recover damages for personal injuries sus-
tained by plaintiff by falling from a stairway in the
rear of an apartment building owned by the defendant
and occupied in part by plaintiff under a lease from the
defendant.   From a judgment in favor of plaintiff for
seven hundred and fifty dollars, defendant appeals.

BENSON LANDON, for appellant.

LAWRENCE A. COHEN, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion
of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 230*—*duty of owner of apartment
building to keep railing of stairway in repair.*   The owner of an
apartment building is bound to keep the railing of a rear stairway
in such repair as to permit a person lawfully using the stairway
to lean against it for the purpose of protecting him from falling.
2. LANDLORD AND TENANT, § 259*—*when question of contributory
negligence is for jury.*   Whether a tenant in an apartment building
is guilty of contributory negligence in leaning against the railing
of a rear stairway to the building is a question for the jury.
3. LANDLORD AND TENANT, § 260*—*when instruction not mislead-
ing as assuming facts.*   In an action by a tenant against the owner

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of an apartment building for personal injuries caused by a defective railing to a rear stairway, an instruction not directing a verdict given for plaintiff *held* not misleading under the facts shown by the evidence, though it assumed, as a fact, that the owner retained control of the stairway.

4. APPEAL AND ERROR, § 1595*—*rule as to sufficiency of declaration after verdict.* After verdict, the rule is that if a declaration contains terms sufficiently general to include by fair and reasonable intendment, any matter necessary to be proved and without proof of which the jury could not have given the verdict, the want of an express averment of such matter is cured by verdict.

5. APPEAL AND ERROR, § 1611*—*when declaration sufficient after verdict.* In an action by a tenant in an apartment building for injuries resulting from a defective railing to a rear stairway, the declaration *held* sufficient after verdict though it did not specifically allege that the defendant retained control of the stairway, nor so allege that the plaintiff exercised due care at the time of the injury, or that defendant's negligence was the proximate cause of the injury, the declaration alleging that the stairway was used by all the tenants of the building and containing other averments from which it could be reasonably inferred that plaintiff exercised due care at the time of the injury and that defendant's negligence was the proximate cause of the injury.